NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DIANA CAROLINA ORTIZ-CHAVEZ and
ESTEVEN WILFREDO MEJIA-ORTIZ,
AKA Steven Wilfredo Mejia-Ortiz,

Petitioners,

v.

WILLIAM P. BARR, Attorney General

Respondent.

No.    17-70345

Agency Nos.    A206-844-778
                        A206-844-779

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2019**
San Francisco, California

Before:  McKEOWN, W. FLETCHER, and MURGUIA, Circuit Judges.

Diana Ortiz-Chavez and her minor son, Steven Mejia-Ortiz (collectively,

"Petitioners"), petition for review of the Board of Immigration Appeals' ("BIA")

decision affirming the Immigration Judge's ("IJ") denial of their application for

_____

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  Because the parties are familiar with the facts, we do not recite them here.  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition.

Petitioners sought asylum and withholding of removal based on a proposed particular social group of "Salvadorans who witness murder by gang members[,] have been threatened with death, [and] lack police protection."  After affording Petitioners an opportunity to submit additional evidence supporting this proposed particular social group, the IJ concluded that Petitioners failed to demonstrate that the group was socially distinct within Salvadoran society.  The BIA dismissed the appeal on the same basis.

Reviewing de novo this question of law, *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014), we agree that Petitioners failed to show social distinction. We have held that a proposed particular social group of "those who testified in court against gang members" *could be* sufficiently distinct—provided the petitioner presents sufficient evidence of social distinction.  *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092–93 (9th Cir. 2013) (en banc).  But here, Petitioners did not testify in court or even speak with police, and the record contains no "evidence showing that society in general perceives, considers, or recognizes persons sharing the particular characteristic"—i.e., witnesses to gang murder who receive a death threat and lack police protection—"to be a group."  *Matter of*

2

*W-G-R-*, 26 I. & N. Dec. 208, 217 (BIA 2014). The BIA and IJ performed the requisite evidence-based inquiry and correctly concluded that Ortiz-Chavez had not shown her proposed particular social group is socially distinct. *Pirir-Boc*, 750 F.3d at 1084.

The BIA did not err by rejecting Petitioners' alternative grounds for asylum and withholding of removal. When the IJ clarified Petitioners' claims, counsel for Petitioners identified the particular social group discussed above as the only basis for asylum and withholding of removal. Ortiz-Chavez also testified that she had never belonged to or supported any political parties or student groups. The BIA permissibly declined to consider Petitioners' arguments, pursued for the first time on appeal, that a different particular social group or their political opinion entitled them to relief. *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007).

Substantial evidence supports the denial of Petitioners' CAT claims. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (substantial evidence review). The record does not support official involvement. *See* 8 C.F.R. § 1208.18(a)(1) (requiring "consent or acquiescence of a public official or other person acting in an official capacity"). Absent this essential element of torture, the record cannot compel the conclusion that Petitioners are eligible for CAT relief.

**PETITION DENIED.**